

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>CALVIN TERUO YOZA and<br>GISELE LAMOYA-YOZA,<br><br>        Debtors. | Case No. 11-03281<br>Chapter 13<br><br>Re: Docket No. 60 |

## MEMORANDUM OF DECISION
## ON CHAPTER 13 PLAN MODIFICATION

The debtors filed this chapter 13 case on December 23, 2011. Their original plan provided that the debtors would pay $725 per month for sixty months, for total plan funding of $43,500. The plan payments were to be used in part to cure arrearages totaling about $31,475 on the first and second mortgages on their home. The dividend to unsecured creditors was estimated to be one percent of their claims. No one objected to the plan and the court confirmed it on March 8, 2012.

The debtors fell behind on their plan payments to the trustee and also on their postpetition mortgage payments. Accordingly, the trustee moved to dismiss the case on July 25, 2013, and the mortgagee moved for relief from the automatic stay soon

thereafter. The mortgagee's motion stated that the prepetition arrears had been almost entirely paid off, but that the debtors had incurred postpetition arrears of about $23,000.

The debtors were able to salvage the situation. They proposed an amended plan with payments increased to $900 per month for the last forty months of the plan. The postpetition arrears were to be paid through the plan. The court confirmed the plan amendment on November 14, 2013. The debtors resolved the mortgagee's motion by agreeing to pay timely all regular monthly payments due under the mortgages beginning with the October 2013 payment and that the stay would be terminated if they defaulted and did not cure their default within a specified time.

Unfortunately, this solution did not hold. The debtors could not maintain their mortgage payments. As a result, the stay was terminated on September 30, 2014, to allow the mortgagee to foreclose.

The debtors found another solution. They proposed a second modification to the chapter 13 plan, under which their payments would be reduced to $400 per month for the last twenty-seven months of the plan and the mortgagee's claim would be moved from class 1, which includes defaulted secured claims that the debtor intends to cure through the plan, to class 4, which includes secured claims that are not in default. The amended plan stated that the debtors would cure the postpetition arrears "outside the plan," *i.e.*, by making direct payments to the creditor, rather than

U.S. Bankruptcy Court - Hawaii   #11-03281   Dkt # 69   Filed 01/09/15   Page 2 of 5

through the trustee, using money that is not property of the estate.

After they filed the plan modification, the debtors withdrew funds from their retirement plans to cure the arrears on the mortgages.

The trustee objects to the modification on several grounds.

First, the trustee says that debtors may not place defaulted secured claims in class 4 and then cure the arrears by making direct payments to the creditor ("outside the plan"), rather than by making payments through the trustee ("inside the plan" or "through the plan"). It is correct that class 4 is meant for claims that were not in default on the petition date, whereas these debtors were in default at the petition date and did not cure their default until much later. Technically, it would be more correct to leave the claims in class 1 but require the mortgagee to file an amended claim reducing the arrearage to zero. The effect of the debtors' proposal is the same as the more correct method, however, so I will not let this technical issue stand in the way of confirmation in this case.

Second, the trustee says that debtors should not be allowed to pay mortgage arrears "outside the plan" because doing so prevents the trustee from collecting the fee which funds the chapter 13 system. This is a legitimate concern in the abstract but it is not compelling in this case. The debtors cured the default using funds from their pension accounts. These funds are exempt and not part of the estate. The trustee cannot compel debtors to use such funds to make plan payments. In other words, in

3

this case, the modification does not deprive the trustee of a commission he could have gotten otherwise.

Third, at the hearing, the trustee expressed concern that approval of the debtors' proposal could create opportunities for manipulation. The idea is that the debtor could avoid paying the trustee's commission on the cure payments by defaulting on the plan and the postpetition mortgage payments, allowing the creditor to obtain relief from the stay, then cure the arrearage "outside the plan." I am not persuaded. In the first place, there is no indication that these debtors are attempting to manipulate the situation. Instead, they have taken ad hoc action in a desperate effort to save their home. Second, the strategy envisioned by the trustee could succeed only if the debtor had funds to cure the mortgage defaults that are not property of the chapter 13 estate. Few debtors have such resources.

Finally, the trustee argued that the debtors' varying estimates of their ability to fund a plan suggested manipulation. In every chapter 13 case, the debtor, the trustee, and the court use their best efforts to ascertain whether the debtor can afford the plan payments. Unfortunately, in many cases those estimates prove optimistic. The record of this case shows that the debtors never really could afford their payments under the original plan ($725 per month) or the first amended plan ($900 per month), on top of their regular monthly mortgage payment. It would be punitive to require the debtors to continue to make payments we now know, with the benefit of

4

U.S. Bankruptcy Court - Hawaii   #11-03281   Dkt # 69   Filed  01/09/15   Page 4 of 5

hindsight, that the debtors never could afford. It is also significant that, even after the reduction of the monthly payments, the unsecured creditors will receive more money under the amended plan than under the original plan (because the mortgagee's arrears have been paid "outside the plan" using exempt funds.)

Therefore, I will approve the plan modification. Counsel are directed to submit an appropriate order.

**END OF DECISION**